(16 Misc. Rep. 69.)

PATTERSON GAS–GOVERNOR CO. v. BAYNE et ux.

(Supreme Court, Appellate Term, First Department.    February 26, 1896.)

1. SALE—PERFORMANCE OF CONDITIONS—BURDEN OF PROOF.
    In an action to recover the price of a gas governor, for which defendant promised to pay, after 30 days' fair trial, on condition that it would effect a saving of from 15 to 40 per cent. in gas, the burden is on plaintiff to prove a performance of the condition.    Governor Co. v. Glenby, 24 N. Y. Supp. 575, followed.

2. REVIEW ON APPEAL—CONFLICTING EVIDENCE.
    Where the evidence is conflicting, the decision of the trial judge will not be disturbed.

Appeal from Eighth district court.

Action by the Patterson Gas-Governor Company against Samuel G. Bayne and another.    From a judgment for plaintiff, defendants appeal.    Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Taylor & Parker (Herman Aaron, of counsel), for appellants.
P. C. Talman, for respondent.

McADAM, J. The action was on a contract in these words:

"New York, November 19, 1894.
"553 West 33rd Street.

"Patterson Gas-Governor Co.: Please attach to meter at Riverside Drive, corner of 108th street, Patterson gas governor, for which I hereby promise to pay to your order ninety dollars, after thirty days' fair trial, provided said machine effects a saving of from fifteen to forty per cent., as demonstrated by actual time test of same number of burners for a given period, with and without governor, against open street pressure. Failing to record above saving, machine to be removed at your expense. S. G. Bayne."

The burden of proving performance of the condition that the governor would demonstrate, after 30 days' fair trial, a saving of from 15 to 40 per cent. in the consumption of gas, rested upon the plaintiff. Governor Co. v. Glenby, 4 Misc. Rep. 532, 24 N. Y. Supp. 575. Mr. O'Keefe, an employé of the plaintiff, testified that he tested the governor, and that it effected a saving of 32 per cent.; and Mr. Patterson, who is also connected with the plaintiff, testified that the defendant Samuel G. Bayne told him he was perfectly satisfied with the work of the governor, and that the company was not notified to take it away. On the other hand, the defendant Samuel G. Bayne testified that he never expressed himself satisfied with the governor; that it impaired the quality of the light, which was not as good after the governor was put on as it had been previously. In short, he contended that the only effect of the governor was to check the pressure of the gas, and that any saving accomplished resulted from the want of that quantity and brilliancy of light which he had theretofore enjoyed. The plaintiff was never officially notified of any imperfection in the governor, or called upon to take it away; and, so far as the return discloses, it is still in use by the defendants.

The action, though nominally brought against Mr. Bayne and his wife, was treated throughout as a litigation against him alone. He was the only one served with process, and judgment was not entered against her. No motion was made to dismiss the action against the wife, and she was practically regarded as being out of the case; so that there is nothing to review as against her.

The issue narrowed itself down to a question of fact, which the justice decided upon conflicting evidence; and, while we might have reached a different conclusion, it does not follow that the justice erred. The judgment must therefore be affirmed, with costs.